**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4278**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COLIN MATTHEW BYRNES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00152-WO-1)

Submitted:  November 27, 2018                    Decided:  December 7, 2018

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colin Matthew Byrnes seeks to appeal his conviction and 180-month sentence, imposed pursuant to a plea agreement, for the transportation of child pornography in violation of 18 U.S.C. § 2552A(a)(1), (b)(1) (2012). Byrnes's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Byrnes also filed a supplemental pro se brief. We affirm.

Byrnes did not attempt to withdraw his guilty plea in the district court, and, thus, we review the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, an appellant must demonstrate "that an error (1) was made, (2) is plain (*i.e.*, clear or obvious), and (3) affects substantial rights. Even if an appellant satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012) (citation, alteration, and internal quotation marks omitted). Because we detect no reversible error in the district court's Rule 11 plea colloquy, we affirm Byrnes's conviction.

We review Byrnes's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence[.]" *Id.* at 51; *see* 18 U.S.C. § 3553(a) (2012). If there is no significant

2

procedural error, we then consider the sentence's substantive reasonableness, taking into account "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we conclude that the district court did not err in its imposition of Byrnes's sentence. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence. Furthermore, Byrnes has not made the showing necessary to rebut the presumption of reasonableness that we afford his below-Guidelines-range sentence. And there has been no showing of ineffective assistance of counsel, which must conclusively appear on the face of the record to be cognizable on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Byrnes's conviction and sentence. This court requires that counsel inform Byrnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Byrnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byrnes.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*